# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY J. SCICCHITANO, JR.,

    Plaintiff,

v.

CHESTNUT RIDGE COUNSELING
SERVICES, INC. and PSYCHIATRIC CARE
SYSTEMS, P.C.,

    Defendants.

Civil Action No. 16-53
Judge David Stewart Cercone/
Chief Magistrate Judge Maureen P. Kelly

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

At the time of the initiation of the present civil action, Anthony Scicchitano Jr. ("Plaintiff") was a state prisoner, incarcerated at the State Correctional Institution in Albion ("SCI-Albion"). Plaintiff has filed a civil rights Complaint, naming two defendants: Chestnut Ridge Counseling Services, Inc. and Psychiatric Care Systems, P.C. Plaintiff complains that the events giving rise to this civil action occurred in 2006 through 2009.

Because the Complaint on its face demonstrates that the civil action is time barred, the Complaint fails to state a claim upon which relief can be granted and should be dismissed for violating the applicable two-year statute of limitations.

## A. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, ECF No. 2, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) to determine if the Complaint fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46

(1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

**B. DISCUSSION**

### 1. The Allegations of the Complaint

The Complaint's factual alleges are as follows:

> Between the years of 2006 - 2009 I was seen by Chestnut Ridge Counseling Services, Inc.  Within those years I was on a very strange [sic] + unusual dose of medication . . . . This dose of medication they prescribed me cause [sic] serious effects, including mental breakdown, unmangeable [sic] anger, uncontrollable hallucinations.  The hallucination that I was having cause [sic] me to commit the crime that caused me to be confined to were [sic] I am at.

ECF No. 1-1 at 2 – 3.

> Between the years of 2006 - 2009, I was seen by Psychiatric Care Systems.  Within these years I was on a very serious high dose of medication . . . . The cocktail of medications they prescribed me caused serious effects including mental breakdown, unmangeable [sic] anger, and uncontrolable [sic] hallucination.  The hallucination that I was having because of the medication I was on cause [sic] me to commit the crime, that caused me to be confined to were [sic] I'm at.

Id. at 6 - 7.

### 2. The Legal Basis for the Complaint.

Giving the instant Complaint the liberal construction that is required of a pro se Plaintiff, we deem the Complaint to be making a claim under the substantive due process protections of the Fourteenth Amendment to the United States Constitution for the Defendants' alleged breach of their duty to adequately protect him from the side effects

4

of the medication. See, e.g., Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (setting forth the elements of a failure to protect claim).[1]

Although Plaintiff does not specifically mention the Civil Rights Act of 42 U.S.C. § 1983, because he is apparently seeking to vindicate his Fourteenth Amendment rights and he does not have a cause of action directly under the Constitution, a liberal reading of the Complaint requires the court to construe his Complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on

---

[1] The United States Court of Appeals for the Third Circuit explained that

> To establish a prima facie case of a Fourteenth Amendment violation on this failure to protect theory, a plaintiff bears the burden of proving the following four elements:
>
> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable member of the defendant's acts or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright, 443 F.3d at 281 (internal quotations and citations omitted).

other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

### 3. The Complaint is Time Barred.

All of Plaintiff's allegations of wrongdoing concern actions or inactions taken by the Defendants over the course of three years, namely, 2006 to 2009.

As noted above we deem Plaintiff to be invoking the Court's jurisdiction under 42 U.S.C. § 1983. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat. Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had. See, e.g., Mumma v. High–Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). In the instant case, the bar of the statute of limitations is apparent from the face of the Complaint.

Pursuant to the prisoner mail box rule, the earliest that Plaintiff is deemed to have filed the instant Complaint is January 8, 2016, the date he signed his IFP Motion. ECF No. 1 at 1. The latest date of alleged wrongdoing by the Defendants occurred on or before December 31, 2009. As such, Plaintiff's cause of action accrued on December 31, 2009, at the latest.

Therefore, he had until December 31, 2011, to bring his claims. He failed to do so. Accordingly, the Complaint is barred by the two year statute of limitations and must be dismissed for failure to state a claim upon which relief can be granted.

In the alternative, Plaintiff could be making a state law claim for medical malpractice. Even if we assume diversity of citizenship as a jurisdictional basis for this claim to be brought in this Court, the reasoning above with respect to the statute of limitations is applicable given that the Pennsylvania state statute of limitations for medical malpractice claims is two years. Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991) ("The Pennsylvania statute of limitations for medical malpractice actions is two years. 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon Supp.1991).").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Complaint be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted. The dismissal should be with prejudice as amendment would be futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                               Respectfully submitted:

                                               s/Maureen P. Kelly
                                               MAUREEN P. KELLY
                                               CHIEF UNITED STATES MAGISTRATE JUDGE


Date:   February 4, 2016

cc:      The Honorable David Stewart Cercone
         United States District Judge


         Anthony J. Scicchitano, Jr.
         KB-9484
         Unit FA-13
         SCI Frackville
         10745 Route 18
         Albion, PA 16475